IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROCKY ASHER HANLEY, f/k/a
ROBERT WILLIAM WHARTON, JR.,

                Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

                Defendant.

OPINION and ORDER

21-cv-397-jdp

---

    Plaintiff Rocky Hanley seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding Hanley not disabled within the meaning of the Social Security Act. Hanley contends that the administrative law judge (ALJ) Laura Chess, erred in three ways: (1) the ALJ improperly discounted the opinion of Dr. Jill Dillon, O.D., a consultative examiner who opined that Hanley's peripheral vision was severely restricted; (2) the ALJ did not account for Hanley's moderate limitation in concentrating, persisting, or maintaining pace in formulating Hanley's residual functional capacity (RFC); and (3) the ALJ did not address evidence related to Hanley's panic attacks.

    The ALJ adequately explained why she discounted Dillon's opinion, and Hanley hasn't shown that he is entitled to more significant restrictions related to concentration, persistence, or pace. But the court concludes that the ALJ's assessment of Hanley's panic attacks was inadequate. Hanley testified that he routinely suffers from panic attacks that last 30 to 40

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

minutes at a time. But the ALJ didn't discuss that evidence in her decision, so it isn't clear whether she took that evidence into account when she determined Hanley's RFC. The case will be remanded for further proceedings.

BACKGROUND

Hanley sought benefits based on physical and mental impairments, alleging disability beginning December 2010. R. 268.[2] Hanley's claim was denied initially and on reconsideration, and Hanley requested a hearing before an ALJ.

In a written decision, ALJ Laura Chess found that Hanley had severe impairments of degenerative disc disease of the cervical spine, optic neuropathy and loss of visual acuity, depressive disorder, anxiety disorder, posttraumatic stress disorder, neurocognitive disorder, personality disorder, and attention deficit hyperactivity disorder. R. 18. The ALJ determined that Hanley did not meet the criteria for any listed disability. R. 19. The ALJ ascribed to Hanley the residual functional capacity (RFC) to perform light work with some additional restrictions to address Hanley's physical and mental limitations. R. 22. Relying on the testimony of a vocational expert, the ALJ concluded that Hanley could perform a significant number of jobs available in the national economy, including custodian, laborer, and dishwasher. R. 30. The Appeals Council denied review, R. 1, so the ALJ's decision became the final decision of the commissioner.

On appeal, this court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950

---

[2] Record cites are to the administrative transcript located at Dkt. 12.

F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Hanley contends that the ALJ erred by: (1) discounting the opinion of a consultative examiner; (2) failing to account for Hanley's moderate limitation in concentrating, persisting, or maintaining pace; and (3) ignoring evidence of Hanley's panic attacks.

**A. Opinion of the consultative examiner**

Hanley contends that the ALJ erred in her assessment of the opinion of Dr. Jill M. Dillon, O.D., an ophthalmologic consultative examiner. Dillon opined that Hanley's optic neuritis (an inflammation of the optic nerve) "could certainly affect him in the work environment, as his peripheral vision is severely restricted." R. 1146. Hanley argues that the ALJ did not adequately explain why she did not adopt Dillon's opinion.

This argument fails, for two reasons. First, the ALJ adequately explained why she did not fully credit Dillon's opinion. The ALJ found Dillon's opinion only somewhat persuasive because it was vague: Dillon stated that Hanley's peripheral vision would "affect him in the work environment," but she did not specify to what extent Hanley would be affected or provide details on the nature of Hanley's limitations in the workplace. R. 28. It is reasonable for an ALJ to discount an opinion because it does not provide specific functional limitations. *See Murphy v. Astrue,* 454 F. App'x 514, 518 (7th Cir. 2012) (ALJ did not err by rejecting opinion

3

that did not include specific functional limitations); *Sandra P. v. Kijakazi*, No. 20 C 1771, 2022 WL 488742, at *3 (N.D. Ill. Feb. 17, 2022) (same).

Second, Hanley has not shown that Dillon's opinion conflicts with the RFC the ALJ ascribed to Hanley. In the section of the ALJ's decision addressing Dillon's opinion, the ALJ stated that she accounted for Hanley's visual deficits in his RFC by restricting him from working at unprotected heights, working in the vicinity of uncovered unguarded working machinery, and performing commercial driving. R. 28. Hanley contends that the ALJ erred by failing to explain how the RFC is consistent with Dillon's opinion that his peripheral vision is "severely restricted." But Hanley has the burden to show that he is more limited than the ALJ found. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Hanley does not identify any record evidence that the ALJ failed to address that shows he is entitled to more significant restrictions related to his peripheral vision. *See Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016) (a claimant not entitled to a remand if he does not "identify medical evidence that would justify further restrictions"). Although Dillon observed that Hanley's peripheral vision was severely limited, she did not identify any specific limitations beyond those the ALJ assessed. And her vague statement that Hanley's peripheral vision would "affect him" at work does not show that he is more limited than the ALJ found. The ALJ's assessment of Dillon's opinion does not warrant remand.

B. Concentration, persistence, and pace

At step three of the sequential evaluation process, the ALJ determined that Hanley had a moderate limitation in four broad areas of functioning: understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; interacting with others; and adapting or managing himself. Tr. 20-22. Hanley contends that the ALJ did not explain

how his RFC accounts for his difficulties in concentrating, persisting, or maintaining pace.[3] As a general rule, both the ALJ's RFC assessment and the hypothetical posed to the vocational expert must incorporate any limitations supported by the claimant's medical record, including limitations in concentration, persistence, or pace. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014).

However, the ALJ was not required to expressly address her findings at step three in the RFC. A rating at step three is a generalized assessment of the claimant's overall abilities in a broad area, not a specific impairment. As this court has explained before, having "moderate limitations in concentration, persistence, and pace" only places the claimant into a general category. *Rabitoy v. Berryhill*, No. 17-cv-495, 2018 WL 1010219, at *2 (W.D. Wis. Feb. 21, 2018). The question is whether the RFC "adequately account[s] for the claimant's demonstrated psychological symptoms." *See Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). Moreover, to be entitled to remand, the claimant must cite evidence that his specific limitations would prevent him from performing work under the terms of his RFC. *See id.*

In formulating Hanley's RFC, the ALJ concluded that Hanley could occasionally interact with coworkers and supervisors and never interact with the public; understand, remember and carry out simple instructions and make simple work-related decisions; tolerate occasional changes in a routine work setting; and that Hanley could not perform production pace work. R. 22. The ALJ included the same restrictions in the hypothetical question that she posed to the vocational expert. R. 83.

---

[3] Hanley also contends that the ALJ failed to tie her other step-three findings about Hanley's broad areas of mental functioning to Hanley's RFC. But his arguments related to the other areas of mental functioning are so perfunctory that they are waived. *See Krell v. Saul*, 931 F.3d 582, 586 n.1 (7th Cir. 2019) (underdeveloped and unsupported arguments are waived).

Hanley doesn't identify any evidence that the ALJ did not address that support more significant restrictions related to concentration, persistence, and pace. The ALJ acknowledged Hanley's testimony that he had difficulty completing tasks but concluded that Hanley's allegations were inconsistent with activities that required concentration and persistence, such as taking care of his daughter and shopping in stores. R. 21. The ALJ also acknowledged that Hanley displayed difficulties with sustained attention in testing. R. 21. Hanley does not explain why the restrictions in the RFC are inadequate to address those difficulties. Indeed, it is "unclear what kinds of work restrictions might address [Hanley's] limitations in concentration, persistence, or pace because he hypothesizes none." *Jozefyk*, 923 F.3d at 498. And Hanley does not explain why his limitations in this area prevent him from performing the jobs the ALJ determined that he could perform. Hanley is not entitled to remand on this ground.

**C. Panic Attacks**

Hanley contends that the ALJ did not address evidence that he suffered from panic attacks related to his anxiety. At the administrative hearing, Hanley testified that he had panic attacks lasting 30 to 40 minutes three or four times each week. R. 65. He further testified that the attacks were triggered when he "had to be near people," such as at the paper plant where he had previously worked, and that he can't handle "anyone being behind [him] at all." R. 66–67. At the hearing, the vocational expert testified that unscheduled breaks three to four times per week would be work preclusive. R. 88–89. The ALJ addressed Hanley's panic attacks in only a single sentence, where she stated that "[p]sychological treatment records noted that the claimant had panic attacks," among other mental health issues. R. 24.

The ALJ's assessment of Hanley's panic attacks was inadequate. The ALJ acknowledged that Hanley suffered from anxiety and occasionally presented as anxious in medical

6

appointments. R. 21. But the ALJ did not acknowledge or address Hanley's testimony about the frequency or severity of his panic attacks. Nor did the ALJ discuss whether any amount of panic attacks would affect his ability to work full time. An ALJ need not address every piece of evidence in the record, but she may not ignore entire lines of evidence that point toward a finding of disability. *Lothridge v. Saul*, 984 F.3d 1227, 1234 (7th Cir. 2021). Without meaningful analysis from the ALJ regarding evidence of Hanley's panic attacks, the court is unable to determine whether the ALJ properly considered that evidence. *See Scott v. Barnhart*, 297 F.3d 589, 596 (7th Cir. 2002).

The ALJ failed to build a logical bridge between the evidence of Hanley's panic attacks and the ALJ's conclusion. On remand, the ALJ should address the relevant evidence and discuss whether that evidence warrants significant limitations on Hanley's ability to work.

ORDER

IT IS ORDERED that the decision denying Rocky Hanley's application for disability insurance benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered March 17, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge